IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2008

Charles R. Fulbruge III
Clerk

————————————

No. 00-20328

————————————

IN THE MATTER OF: JERRY GLENN GANTT,

Debtor

————————————

CAROL B. GANTT,

Appellee

v.

JERRY GLENN GANTT,

Appellant

————————————

Appeal from the United States District Court
for the Southern District of Texas
(99-CV-968)

————————————

Before WIENER, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

By sua sponte order filed February 22, 2001, we canceled oral argument and held this appeal in abeyance pending final resolution in the state courts of Texas of the money judgment theretofore rendered against Appellant Jerry

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Glenn Gantt ("Jerry") in favor of his former wife, Appellee Carol B. Gantt ("Carol"). At long last, the matter is now final in the courts of that State, with the result that the October 30, 1996 judgment is final and executory in all respects.

It was that judgment from which Jerry sought and obtained a degree of relief in the bankruptcy court, and it is the ruling of the bankruptcy court that Carol appealed to the district court. There, the Final Judgment of that court, signed March 31, 2000 and filed April 3, 2000, reversed the bankruptcy court in part, ordering that (1) the $245,000 awarded to Carol in the 1996 divorce proceedings for Jerry's "wrongful acts" (together with post-judgment interest at 6.197% per annum until paid) constitutes (1) a debt "for fraud...while acting in a fiduciary capacity"; (2) a debt "for...embezzlement"; and (3) a debt "for...defalcation while acting in a fiduciary capacity," and is therefore non-dischargeable under 11 U.S.C. § 523(a)(4); and (2) the $522,990.58 awarded to Carol in the 1996 divorce proceeding for division of property and attorney's (together with post-judgment interest at 6.197% per annum until paid) is "in the nature of alimony, maintenance, or support" and therefore non-dischargeable under 11 U.S.C. § 523 (a)(5).

We have continued to monitor the progress of this case in the courts of Texas for more than seven years since holding it in abeyance pending the

2

completion of that odyssey, and we have now received confirmation from counsel for both appellant and appellee that nothing remains to be done in those courts. Thus, this appeal is once again ripe for decision.

When, as here, we are reviewing the decision of a district court that heard an appeal from the rulings of a bankruptcy court, we apply the same standard of review to the bankruptcy court's conclusions of law and findings of fact that the district court applied.[1] We thus review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo.[2]

The key feature of the finality of the state proceedings is the unmodified survival of the October 30, 1996 judgment in favor of Carol, revitalizing the appeal of its partial discharge in bankruptcy court. Having again carefully reviewed the operable facts and the law applicable to this case as presented to us in the briefs of the parties and the record on appeal, including the rulings and reasons of the bankruptcy court and of the district court, we are convinced that the judgment of the district court which reversed the bankruptcy court in part should be affirmed for precisely the reasons cogently set forth by the district court in its Memorandum and Order signed and filed contemporaneously with the aforesaid Final Judgment of that court.

---

[1] In re: Cahill, 428 F.3d 536, 539 (5th Cir. 2005).

[2] Id.

Accordingly, we affirm the district court's holding that the $245,000 judgment awarded to Carol in the 1996 divorce proceeding, together with post-judgment interest at 6.197% per annum until paid, constitutes a debt "for fraud...while acting in a fiduciary capacity"; a debt "for...embezzlement"; and a debt "for...defalcation while acting in a fiduciary capacity," and therefore is non-dischargeable under 11 U.S.C. § 523(a)(4); and the $522,990.58 awarded to Carol in the 1996 divorce proceeding for division of property, together with post-judgment interest of 6.197% per annum until paid, is "in the nature of alimony, maintenance, or support" and therefore is non-dischargeable under 11 U.S.C. § 523(a)(5). It follows that the September 29, 1998 decision of the bankruptcy court in Adversary number 97-4099 was properly reversed by the district court to the extent that the ruling of the bankruptcy court is inconsistent with the Final Judgment of the district court that we affirm today; so we remand to the district court for it to remand the matter to the bankruptcy court with instructions that it take such remedial action and enter such orders and judgments as are necessary and desirable to make the above said state court awards, including interest, non-dischargeable and executory against Jerry Glenn Gantt.

AFFIRMED and REMANDED.